## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**OLIVIA JEFFERSON,**                                CIVIL DIVISION


                            Plaintiff,                      Case No.    26-1424


v.


**COMCAST SPECTACOR, LLC,**


                            Defendant.

## **COMPLAINT**

NOW COMES Plaintiff, Olivia Jefferson, by and through her attorney, Prabhu Narahari, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### **Summary**

1.      Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq*. and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951, *et seq*. Plaintiff alleges that she was sexually harassed by her supervisor, subjected to a hostile work environment, retaliated against after reporting the harassment, and discriminated against on the basis of sex.

### **Jurisdiction and Venue**

2.      This action arises under Title VII. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3.      Plaintiff is a resident and citizen of Pennsylvania, and a substantial part of the events giving rise to the claims occurred in Eastern Pennsylvania. Therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, and the venue is proper pursuant to 28 U.S.C. §1391(b).

4.      Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under Title VII and the PHRA on May 27, 2025 under charge number 530-2025-06458. *See Exhibit 1.*

5.      Plaintiff was mailed a Notice of Right to Sue from the EEOC on December 5, 2025. This complaint has been filed within ninety (90) days of the Plaintiff's receipt, thus making this action timely. *See Exhibit 2.*

## Parties

6.      Plaintiff, Olivia Jefferson ("Plaintiff"), is an adult individual with a primary residence located at 5200 Arlington Street, Philadelphia, Pa 19131.

7.      Defendant, Comcast Spectacor, LLC ("Defendant"), is a domestic limited liability company with an address of 3601 South Broad Street, Philadelphia, Pa 19148.

## Facts

8.      Plaintiff began working for Defendant in 2020 as a housekeeping employee at Wells Fargo Stadium.

9.      Beginning in or around June 2023, Plaintiff's Department Manager, Dwaun Collier Sr., began sending her inappropriate and sexually suggestive text messages.

10.      Collier asked Plaintiff for pictures and requested that she meet him outside of work.

11.      He had asked to hug and kiss her.

12.      He escalated to asking to "lay with" and sleep with her.

13.    Collier sent messages commenting on Plaintiff's body and expressing sexual desire.

14.    The messages included statements that he wished he could "feel and grip it all" and

"kiss all over [her] body."

15.    On June 28, 2023, Collier specifically stated:
   a) You are sooooo beautiful"
      i. Plaintiff's response was, "I look a mess"
   b) "You look wonderful to me love"
   c) "I'm curious what's under that shirt lol"
      i. Plaintiff's response was, "Nothing under here"
   d) "Damn I wish I was there to feel and grip it all"
   e) "I know its looking like wow"
   f) "I want it all … I wasn't to be all over it"
   g) "I can just imagine kissing all over your body"

16.    On July 13, 2023, Collier specifically stated:
   a) "Love seeing you"
   b) "Gorgeous"
   c) The cake was good but I prefer your cake any day lol"
   d) "wyd"
      i. Plaintiff's response was, "About to eat"
   e) "Oh ok love"
   f) "I wanna see you before I go"
   g) "Really need my hugs"
   h) "Gorgeous"
   i) "Babe"
   j) "Gorgeous"

17.    On December 29, 2023, Collier specifically stated:
   a) "Im in the office"
   b) "Come see me"
   c) "wyd"
      i. Plaintiff's response was, "About to eat some of my food"
   d) "When can I have some of your food??"

18.    On April 3, 2024, Collier specifically stated:
   a) "Hey GM"
   b) "Everything good??"
      i. Plaintiff's response was, "Hey GM yes everything fine"
   c) "Ok good" "U have a good night??"
      i. Plaintiff's response was, "Yes"
   d) "I bet u didn't text me back lol"
      i. Plaintiff's response was, "That's because I was sleep"
   e) "Sure"

      f) "Wyd"
          i.   Plaintiff's response was about work and getting food.
      g) "Oh ok"
      h) "Been thinking about you all yesterday and last night"
      i) "All day and night"
      j) "Well I always be thinking about u"
      k) "U wasn't thinking about me ???"
      l) "Daggg lol"
      m) "U don't be expressing anything so I don't know lol"
      n) "I wanna see you"

19.    On April 22, 2024, Collier specifically stated:
      a) "Daggg no hug today"
      b) "Smh alllll of you is gorgeous"
      c) "You drive me crazy"
      d) "lol it's a great thing smh but it makes me wanna bite that peach lol"
      e) "That's if u let me … I would do it once and you will never forget me"
      f) "It's bad u are the only one I would with"

20.    On May 7, 2024, Collier specifically stated:
      a) "U missss me ????"
      b) "Because I misssss u"
      c) "??"
      d) "I'm going to be in when u get in tomorrow"
          i.   Plaintiff's response was, "Okay great"
      e) "Maybe you can let me love on you tomorrow"
      f) "?"
      g) "You could have sent me some gorgeousness today lol"
      h) "Smh u be having me on pause LOL"
      i) "O" "L" "I" "V" "I" "A" (Each in their own individual text message at 7:02 pm.)
          i.   Plaintiff's response was, "yes"
      j) "Where's the gorgeousness"
          i.   Plaintiff's response was, "I'm sorry I'm playing uno"
      k) "I missssssss u"
      l) "lol sooooooo lol"
      m) "You be ignoring me"
          i.   Plaintiff's response was, "I'm not I'm really into this uno game lol"

21.    Plaintiff did not reciprocate these advances.

22.    Collier continued his inappropriate conduct over many months.

23.    Plaintiff became increasingly uncomfortable and distressed.

24.    Collier had been retaliating against Plaintiff because she had not been positively reacting to his advances.

25.    On or about April 14, 2025, Plaintiff reported Mr. Collier's harassment to Human Resources.

26.    Plaintiff was permitted to skip work the following Tuesday with pay.

27.    Collier was terminated following Plaintiff's complaint.

28.    However, Collier had close friendships with supervisors within the workplace.

29.    Plaintiff made Defendant aware of her dissatisfaction due to Collier's close friendships.

30.    After reporting him, Plaintiff began receiving texts and phone calls from coworkers and individuals in the building because she had reported Collier.

31.    Plaintiff became uncomfortable returning to work due to the fear of continued hostility and retaliation.

32.    Defendant failed to ensure that Plaintiff could return to a safe and harassment-free workplace.

33.    The hostility and retaliation Plaintiff experienced after reporting Mr. Collier were sufficiently severe and intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

34.    Defendant knew or should have known that Plaintiff faced continued hostility after engaging in protected activity, yet failed to take adequate steps to protect Plaintiff or restore a safe workplace.

35.    As a direct result of Defendant's failure to remedy the post-complaint hostility and retaliation, Plaintiff was forced to leave her employment, which constituted a constructive discharge.

## COUNT I
### Sexual Harassment in Violation of Title VII

36.    The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

37.    Defendant is an employer within the meaning of Title VII.

38.    Plaintiff was an employee within the meaning of Title VII.

39.    Plaintiff experienced regular sexual harassment during her employment with Defendant.

40.    The severe and pervasive harassment Plaintiff endured was based on her sex.

41.    As her employer, Defendant had a duty to provide Plaintiff with a harassment-free workplace.

42.    Defendant failed to do so.

43.    The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT II
### Sexual Harassment in Violation of the PHRA

44.    The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

45.    Because Plaintiff is able to state a prima facie case for sexual harassment and retaliation under Title VII, so too will she be able to state such a claim under the PHRA.

46.    Defendant is an employer within the meaning of the PHRA.

47.    Plaintiff is an employee within the meaning of the PHRA.

48.    As her employer, Defendant had a duty to provide Plaintiff with a harassment free workplace.

49.    Defendant failed to remedy the harassment and allowed a hostile environment and retaliation to take place.

50.    Plaintiff suffered damages as a result of the sexual harassment and retaliation, including lost wages and emotional distress.

51.    The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

<u>**COUNT III**</u>
**Retaliation in Violation of Title VII**

52.    The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

53.    Plaintiff engaged in protected activity when she reported sexual harassment to Human Resources.

54.    After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse treatment, including permitting continued hostility and retaliation from coworkers and supervisors and failing to protect Plaintiff from that hostility.

55.    There is a causal connection between Plaintiff's protected activity and the materially adverse treatment she experienced.

56.    There is a causal connection between Plaintiff's protected activity and her constructive discharge.

57.    Defendant's conduct constitutes retaliation in violation of Title VII.

58.    The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT IV
### Retaliation in Violation of PHRA

59.    The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

60.    Because Plaintiff is able to state a viable claim under Title VII, she is also able to state a claim under the PHRA.

61.    Defendant retaliated against Plaintiff by permitting continued hostility and retaliation in the workplace and by failing to protect Plaintiff from that hostility after she engaged in protected activity.

62.    There is a causal connection between Plaintiff's protected activity and the materially adverse treatment she experienced.

63.    There is a causal connection between Plaintiff's protected activity and her constructive discharge.

64.    As a result of Defendant's retaliation, Plaintiff suffered damages including lost wages, lost earning capacity, and emotional distress.

65.    Defendant's conduct violates the PHRA.

66.    The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT V

**Sex Discrimination in Violation of Title VII**

67.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

68.     Defendant is an employer within the meaning of Title VII.

69.     Plaintiff was an employee within the meaning of Title VII.

70.     Plaintiff's protected class is her sex/gender.

71.     Plaintiff was fully qualified for the position with Defendant.

72.     Plaintiff was subjected to sexual harassment from Collier while working with Defendant.

73.     Plaintiff reported the harassment to HR.

74.     After Collier's termination, friends of Collier continued to retaliate against Plaintiff.

75.     Defendant was aware of this conduct.

76.     Plaintiff was treated in such a way that male employees were not treated.

77.     Plaintiff suffered damages as a result of the sexual harassment and discrimination, including lost wages and emotional distress.

78.     The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

**COUNT VI**
**Sex Discrimination in Violation of PHRA**

79.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

80.     Defendant is an employer within the meaning of the PHRA.

81.     Plaintiff was an employee within the meaning of the PHRA.

82.     Plaintiff is of the protected class of sex/gender.

83.     Plaintiff was fully qualified to perform all aspects of her job.

84.     Defendant engaged in discriminatory conduct in violation of the PHRA allowing the known sexual harassment to continue, allowing inappropriate comments to take place, and failing to remedy the situation.

85.     Plaintiff suffered damages as a result of the sexual harassment and discrimination, including lost wages and emotional distress.

86.     The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's right protected under federal law to be free from discrimination.

## COUNT VII

### Hostile Work Environment in Violation of Title VII

87.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

88.     Plaintiff was subjected to sexual harassment perpetrated by another employee.

89.     Furthermore, Defendant was aware of the retaliation Plaintiff faced after the termination of her perpetrator.

90.     Defendant failed to remedy retaliation Plaintiff faced, causing a hostile work environment.

91.     Plaintiff was continually subjected to the retaliation and hostile work environment.

92.     Defendant had a duty to provide Plaintiff with a work environment free of hostility.

93.     Defendant failed to do so, and, as a result, breached its duty.

94.    The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's right protected under federal law to be free from discrimination.

<u>**COUNT VIII**</u>

**Hostile Work Environment in Violation of the PHRA**

95.    The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

96.    Because Plaintiff is able to state a prima facie for a hostile work environment under Title VII, so too will she be able to state such a claim under the PHRA.

97.    Defendant employs more than four individuals, making them subject to the provisions of the law.

98.    Defendant failed to mitigate the retaliation Plaintiff was subjected to as a result of reporting sexual harassment.

99.    Defendant had a duty to provide Plaintiff with a work environment free of hostility.

100.    Defendant failed to do so, and, as a result, breached its duty.

101.    The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's right protected under federal law to be free from discrimination.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendant, and award all damages available at law and equity, including:

a)    Lost back pay resulting from Defendant's unlawful conduct, including Plaintiff's constructive discharge;

b)    Lost front pay continuing into the future for Defendant's unlawful conduct;

c) Compensatory damages, including emotional damages and humiliation;

d) Punitive damages to punish Defendant's conduct and to deter similar future conduct;

e) Costs for bringing this action;

f) Attorney's fees;

g) Pre-judgment and continuing interest; and

h) Any other relief that this Court deem necessary and proper.

Respectfully Submitted,

/s/ Prabhu Narahari
**Prabhu Narahari, Esq.**
PA ID No. 323895
**Manes & Narahari, LLC**
301 Grant Street, Suite 270
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 650-4845 Fax
pn@manesnarahari.com

**<u>VERIFICATION</u>**

I, Olivia Jefferson, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Olivia Jefferson


_____03/05/2026_____
Date